IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02344-BNB

WILLIAM ALAN MAUNZ,

    Plaintiff,

v.

WASHINGTON COUNTY JUSTICE CENTER,
LARRY KOONTZ, Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, William Alan Maunz, initiated this action by filing *pro se* a document titled "Notice of Intent (Complaint 42 § 1983 Bivens) Violation of 5th Amend. U.S. Const." (ECF No. 1), complaining that his constitutional rights have been violated.  The instant action was commenced and, on August 22, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Maunz to cure certain deficiencies if he wished to pursue any claims in this action.  More specifically, Magistrate Judge Boland directed Mr. Maunz to file a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and an authorization to calculate and disburse filing fee payments.  Mr. Maunz was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.  In a minute order (ECF No.

7) entered on September 18, 2014, Magistrate Judge Boland granted Mr. Maunz an extension of time until October 22, 2014, to cure the deficiencies in this action.

On September 26, 2014, the copy of Magistrate Judge Boland's September 18 minute order that was mailed to Mr. Maunz at the address he provided in a notice of change of address (ECF No. 6) filed on September 16, 2014, was returned to the Court undelivered.  The returned envelope (ECF No. 8) bears stamps that read "Return To Sender" and "No Longer Here."

Pursuant to Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, an unrepresented party must file a notice of new address within five days of any change of address.  Mr. Maunz has failed to comply with the Court's local rules and, as a result, he has failed within the time allowed to cure the deficiencies in this action as directed.  Therefore, the action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Maunz failed to prosecute and cure the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of      October        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court